UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUIS RAMOS, | ) |
|         Plaintiff, | ) |
| v. | ) No. 1:24-cv-00826-JPH-TAB |
| JIMMY GARCIA, | ) |
|         Defendant. | ) |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Luis Ramos is a prisoner at Pendleton Correctional Facility. He filed this civil action seeking protection from Jimmy Garcia. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). For the reasons explained below, the complaint is dismissed for lack of subject-matter jurisdiction.

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In addition, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.*

## II. The Complaint

The complaint alleges that a person named Jimmy Garcia was involved in Plaintiff's criminal case. Dkt. 1 at 2. His address is unknown. *Id.* Apparently, Mr. Garcia traveled from Mexico to Indiana even though he is not allowed to have contact with Plaintiff. *Id.* About two years ago, Mr. Garcia began asking people related to Plaintiff about his current location because he sought to cause Plaintiff harm. *Id.* A state court judge issued an "Order of Restriction" prohibiting Mr. Garcia from being near Plaintiff. Dkt. 1 at 3. Plaintiff requests that "the Court [] look into this situation and establish a restriction against this individual, since he is breaking the restriction order." *Id.* at 3. He seeks to hold Mr. Garcia responsible for "things that might take place in the future." *Id.*

Plaintiff states that he is suing under federal law. He seeks a court order requiring Mr. Garcia to obey the restriction order and to stop asking for his location and bothering other people. *Id.* at 4.

## III. Jurisdiction

The Supreme Court has explained: "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh*, 546 U.S. at 513, A plaintiff properly invokes federal-question jurisdiction under § 1331 when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 (1946). He invokes diversity of citizenship jurisdiction under § 1332 when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a). Further, the

Seventh Circuit has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Plaintiff's allegations do not implicate a federal statute or constitutional provision. In this case, the alleged misconduct—disregarding a state court order and inquiring about Plaintiff—do not engage the jurisdiction of the district court.

Similarly, there is no allegation of diversity of citizenship or claim for damages that exceeds the jurisdictional amount. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The complaint fails to contain a legally viable claim over which this Court could exercise subject

3

matter jurisdiction and the complaint is therefore dismissed for lack of jurisdiction.

### IV. Opportunity to Show Cause

Plaintiff shall have **through June 28, 2024,** in which to show cause why judgment consistent with this Entry should not Enter. Failure to respond to this Entry will result in the dismissal of this action for the reason discussed, without further notice. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis,* 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 5/29/2024

*[signature: James Patrick Hanlon]*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LUIS RAMOS
178914
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064